# CIVIL COVER SHEET (E-FILING FROM CDCR ONLY)

This civil cover sheet and the information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized by the Standing Order signed by the Chief District Judge entitled "In Re: Procedural Rules for Electronic Submission Of Prisoner Litigation Filed By Plaintiffs Incarcerated at Participating Institutions", and approved by the Clerk of the Court. This civil cover sheet is required on all cases filed by Plaintiffs housed at institutions participating under the e-filing program pursuant to the Standing Order and necessary for the purpose of initiating the civil case.

| I. PLAINTIFF<br>*(to be Completed by Plaintiff)*<br><br>Paul Martinez | II. DEFENDANT(S)<br>*(to be Completed by Plaintiff)*<br><br>F. De La Torre;<br>J. Patricio;<br>J. Para<br>M. Biermam |
|---|---|

Number of pages __40__
Received on __11/9/2023__
Scanned/emailed on __11/9/2023__
by __CC__ at __CTF__
**for the Northern District of California.**

## III. INSTITUTION BEING E-FILED FROM
*(To be Completed by CDCR Staff Member)*

CDCR Institution Abbreviation Code __CTF__

## IV. SENDER INFORMATION
*(to be Completed by CDCR Staff Member)*

SENDER: _A. Chaudhry_
*(Please SIGN Name)*          _A. Chaudhry_
                              *(Please PRINT Name)*

DATE SCANNED & EMAILED: __11/9/2023__

## V. IF CIVIL COMPLAINT CANNOT BE E-FILED ONLY
*(to be Completed by CDCR Staff Member)*

☐  This civil complaint, and other initial filing documents authorized by the Chief District Judge entitled "In Re: Procedural Rules for Electronic Submission Of Prisoner Litigation Filed By Plaintiffs Incarcerated at Participating Institutions" is authorized to be filed through the U.S. mail and accepted by the Clerk of the Court without the need to be electronically filed because the digital sender/scanner was down for more than 48 hours. *See* Standing Order at ¶ 2.

DATED: _____

_____
(Please SIGN Name)          _____
                            (Please PRINT Name)

*Institution Abbreviation Code:* _____

See Reverse Side for *"Instructions To Plaintiffs Participating In E-Filing Program At Participating CDCR Facilities"*

*ED Cal 1 (March 2016)*

Plaintiff's Name ___ **Paul Martinez** ___

Prisoner No. ___ **AI5950** ___

Institutional Address ___ **Correctional Training Facility ("CTF")** ___

___ **P.O. Box 689** ___

___ **Soledad, CA 93960-0689** ___

<div style="border:1px solid">

# FILED

Nov 09 2023

Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

</div>

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

**PAUL MARTINEZ,**

*(Enter your full name)*

v.

**F. De La Torre, Prison Lieutenant,**

**et al.,**

**(See Full Title Page)**

*(Enter the full name(s) of all defendants in this action)*

Case No. ___ 4:23-cv-05797-KAW ___

*(Provided by the clerk upon filing)*

**COMPLAINT BY A PRISONER
UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983**

## I. Exhaustion of Administrative Remedies.

*You must exhaust available administrative remedies before your claim can go forward. The court will dismiss any unexhausted claims.*

A. Place of present confinement ___ **Correctional Training Facility / Soledad, California.** ___

B. Is there a grievance procedure in this institution?   ☒ YES      ☐ NO

C. If so, did you present the facts in your complaint for review through the grievance procedure?
☒ YES      ☐ NO

D. If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

    1.    Informal appeal: **Informal Level (repealed). The CDCR repealed its informal level option.**

    2.    First formal level: **Administrative Grievance (hereinafter, "602-1" and "602-2") had been properly submitted to prison officials and was Granted (Log Number 376742). See Exh. B9-B10; see also Exh. B1-B6.**

1

2

FULL TITLE PAGE

3       PAUL MARTINEZ,                                    )
                                                          )
4              Plaintiff,                                 )
                                                          )
5                                                         )
        v.                                                )
6                                                         )
                                                          )
7       F. DE LA TORRE, Prison Lieutenant                 )
        Employed With The California                      )
8       Department Of Corrections And                     )
        Rehabilitation ("CDCR"), In His                   )
9       Individual And Official Capacities;               )
        J. PATRICIO, Prison Industry                      )
10      Authority ("PIA") Employee, In His                )
        Individual And Official Capacities;               )
11      J. PARA, PIA Employee, In His                     )
        Individual And Official Capacities;               )
12      M. BEIRMAN, PIA Employee, In Her                  )
        Individual And Official Capacities,               )
13                                                        )
               Defendants.                                )
14      _____               )

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 2

3.   Second formal level: Repealed.

4.   Third formal level: 602-2 properly submitted for final level review
and response. See Exh. B12.

E.  Is the last level to which you appealed the highest level of appeal available to you?
    ☒ YES          ☐ NO

F.  If you did not present your claim for review through the grievance procedure, explain why.

## II. Parties.

A.  If there are additional plaintiffs besides you, write their name(s) and present address(es).

B.  For each defendant, provide full name, official position and place of employment.
    F. De La Torre / Prison Lieutenant / CDCR at the Correctional Training
    Facility (CTF) P.O. Box 689, Soledad, CA 93960-0689;

    J. Patricio / PIA Employee / CDCR at CTF / P.O. Box 689, Soledad, CA 93960-0689

    J. Para / PIA Employee / P.O. Box 689, Soledad, CA 93960-0689 / CDCR at CTF

    M Beirman / PIA Employee / CDCR at CTF / P.O. Box 689, Soledad, CA 93960-0689

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to
include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you
have more than one claim, each claim should be set forth in a separate numbered paragraph.

Mr. Martinez respectfully requests leave to depart slightly from the intended
use of this complaint form to include the supporting facts relevant to his
claims in a more comprehensive format which will help him state his claims.

Please see Mr. Martinez's Factual Allegations attached herewith (pages ____
through ____).

*Prisoner Complaint (rev. 12/2020)*

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

Mr. Martinez respectfully requests leave to depart slightly from the intended use of this complaint form to include the relief sought relevant to his claims in a more comprehensive format which will help him clarify his damages. Please see attached Relief Requested attached herewith (pages _____ through _____).

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: 11/9/23
Date

_____
Signature of Plaintiff

Paul Martinez, CDCR# AI5950
Correctional Training Facility
P.O. Box 689
Soledad, CA 93960-0689

Plaintiff In Propria Persona


UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA


PAUL MARTINEZ,                        )   Case No.
                                      )
          Plaintiff,                  )   **COMPLAINT FOR:**
                                      )
                                      )   I.    VIOLATION OF 42 U.S.C. § 1983
                                      )         (RETALIATION - FIRST
v.                                    )         AMENDMENT)
                                      )
                                      )   II.   CONSPIRACY TO VIOLATE FEDERAL
F. DE LA TORRE, Prison Lieutenant,    )         CIVIL RIGHTS - 42 U.S.C. § 1985
et al.,                               )
                                      )   III.  VIOLATION OF STATE BANE ACT
          Defendants.                 )
————————————————————————————         )   IV.   INTENTIONAL INFLICTION OF
                                          EMOTIONAL DISTRESS


I.

JURISDICTION

1.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343 and
1367. The individual defendants named are the persons who violated Plaintiff's
(hereinafter, "MARTINEZ") state and federal Constitutional rights. MARTINEZ
also seeks declaratory judgment pursuant to 28 U.S.C. § 2201.

II.

VENUE

2. Venue is proper in this Court pursuant to Title 28 U.S.C. § 1391(b)(2),

as a substantial part of the events or omissions giving rise to the claims made herein occurred in this judicial district.

<center>III.</center>

<center>PARTIES</center>

3. MARTINEZ was at all times relevant to this action a prisoner confined in the CDCR, and is currently confined at the CTF, in Soledad, California.

4. Defendant F. De La Torre (hereinafter, "DE LA TORRE"), was at all times relevant to this action a prison lieutenant employed with the CDCR and was a state actor acting under color of law. DE LA TORRE is legally responsible for, but not limited to, ensuring compliance with state and federal laws as it pertains to the safety and security of the institution including the humane treatment of the prisoners he oversees. DE LA TORRE knowingly and willfully violated MARTINEZ'S rights by retaliating against him for taking part in protected conduct, threatening him, filing and/or approving the filing of a false rule violation report (RVR), and acting in concert with the Named-Defendants. DE LA TORRE is personally responsible for the injuries MARTINEZ sustained. DE LA TORRE is being sued in his individual and officials capacities.

5. Defendant J. Patricio (hereinafter, "PATRICIO"), was at all times relevant to this action an employee with the CDCR as a PIA Supervisor, a CDCR agent and a state actor acting under color of law. PATRICIO is legally responsible for, but not limited to, seeing to it that he's in compliance with clearly established state and federal laws as it pertains to the safety and security of the workplace including the humane treatment of the prisoner-workers he oversees. PATRICIO knowingly and willfully violated MARTINEZ'S rights by retaliating against him for taking part in protected conduct,

threatening him, filing and/or acquiescing the filing of a false RVR, and acting in concert with the Named-Defendants. PATRICIO is personally responsible for the injuries MARTINEZ sustained. PATRICIO is being sued in his individual and official capacities.

6. Defendant J. Para (hereinafter, "PARA"), was at all times relevant to this action an employee with the CDCR as a PIA Supervisor, a CDCR agent and a state actor acting under color of law. PARA is legally responsible for, but not limited to, seeing to it that he's in compliance with clearly established state and federal laws as it pertains to the safety and security of the workplace including the humane treatment of the prisoner-workers he oversees. PARA knowingly and willfully violated MARTINEZ'S rights by retaliating against him for taking part in protected conduct, threatening him, filing and/or acquiescing the filing of a false RVR, and acting in concert with the Named-Defendants. PARA is personally responsible for the injuries MARTINEZ sustained. PARA is being sued in his individual and official capacities.

7. Defendant M. BEIRMAN (hereinafter, "BEIRMAN"), was at all times relevant to this action an employee with the CDCR as a PIA Supervisor, a CDCR agent and a state actor acting under color of law. BEIRMAN is legally responsible for, but not limited to, seeing to it that she's in compliance with clearly established state and federal laws as it pertains to the safety and security of the workplace including the humane treatment of the prisoner-workers she oversees. BEIRMAN knowingly and willfully violated MARTINEZ'S rights by retaliating against him for taking part in protected conduct, threatening him, filing and/or acquiescing the filing of a false RVR, and acting in concert with the Named-Defendants. BEIRMAN is personally responsible for the injuries MARTINEZ sustained. BEIRMAN is being sued in her individual and official capacities.

IV.

FACTUAL ALLEGATIONS

8. MARTINEZ incorporates all statements, allegations and claims made in paragraphs 1 through 7 above as though they were stated, alleged and claimed fully here in this section.

9. Completely unaware of the Named-Defendants' nefarious predispositions and intentions (i.e., their stance that California's slave-law (California Constitution, Art. 1, section 6) permits state actors to sexually harass, sexually assault, threaten, intimidate, and subject prisoner-workers to hostile and unsafe working conditions), MARTINEZ, hoping to upgrade his vocational skills, requested to work in PIA. He was subsequently assigned to PIA Textiles.

10. However, MARTINEZ quickly learned that the working conditions were highly unsafe. On multiple occasions, PATRICIO, PARA and BEIRMAN coerced MARTINEZ to clean asbestos pipes without protection goggles, gloves, shield or any other safety gear of personal protective equipment (PPE).

11. PATRICIO, PARA and BEIRMAN were so commonly derelict in the performance of their duties, loose wires, slippery floors laden with small sharp metallic pieces and other unsafe conditions became commonplace.

12. PATRICIO is the sexual predator of the crew. He had a strong inclination of sexually harassing and/or sexually assaulting the prisoner-workers he oversaw. In January through February 2023, PATRICIO began making sexual comments to MARTINEZ. PATRICIO made comments such as, but not limited to: "Are you going to make love to that honeybun..."; "I think I like you..."; and, "I got my eye on you..."

13. PATRICIO commonly stared at MARTINEZ and other prisoner-workers in a creepy and lustful fashion.

14. MARTINEZ made several attempts to change job positions. On February 6, 2023, he notified PARA and BEIRMAN of PATRICIO'S constant inappropriate sexual puns, behavior, and innuendoes. But during this period, much conversation centered around the California Legislature's recent decision to do away with "ACA-3." 1/      PARA informed MARTINEZ that if he continues to try and transfer to another assignment, he (PARA) would submit a Job Performance (CDCR Form 101) indicating a below average job performance. A below average CDCR 101 will adversely impact a prisoner at a suitability hearing. BEIRMAN also informed MARTINEZ that he has no rights in PIA or at the worksite because he's "essentially a slave" and California hasn't yet repealed the slave-law.

15. That same day (February 6, 2023), PATRICIO approached MARTINEZ and said, "You'll be my little sex-slave." MARTINEZ informed PATRICIO that he was going to file a 602 on him. PATRICIO became irate and snapped, "We can write too!"

16. At approximately 1400 hours (February 6, 2023), spotted DE LA TORRE near the "East Gate Work Change" area. MARTINEZ informed him of the threats and sexual harassment as described in paragraphs 10 through 15 above. DE LA TORRE responded by telling MARTINEZ that he (MARTINEZ) "made the situation worse" by expressing his intent to file a 602. MARTINEZ responded by indicating that he won't file a 602 if he can simply be transferred to a different job assignment. DE LA TORRE then said that he will speak to PATRICIO, PARA and BEIRMAN.

17. On February 7, 2023, MARTINEZ was summoned to the office by BIERMAN,

---

1/    "ACA-3" was a piece of legislation that would have repealed California's slave-exception in the Constitution (Article 1, section 6).

PARA and PATRICIO. Upon entering the office, BEIRMAN, PARA and PATRICIO informed MARTINEZ that they learned that he intended on filing a 602. They began yelling at MARTINEZ and threatened him with a false RVR and a false CDCR 101 to adversely impact his chances of being found suitable for parole by the BPH. BEIRMAN, PARA and PATRICIO again reminded him that he didn't have any rights as a prisoner-worker under Art. 1, section 6. MARTINEZ was so emotionally distressed he had a severe panic attack in the office and had to be taken to the CTF triage area for treatment.

18. While at the medical facility MARTINEZ was hooked up to an EKG machine and an IV. PARA walked into the medical facility, while being treated, and stated, "You need to sign these fucking papers or you'll gonna get a write-up!" MARTINEZ'S heart rate began to increase significantly and PARA was asked to leave by the on-duty nurse.

19. The on-duty doctor ordered "Nitric" and subsequently diagnosed MARTINEZ as having a severe anxiety attack.

20. MARTINEZ'S primary treating psychiatrist recommended he get a "job change" as soon as possible. 2/ MARTINEZ complied by officially making a request for a job change on or about February 8, 2023. On February 18, 2023, MARTINEZ was reassigned on February 18, 2023. (Exh. B8.)

21. On February 9, 2023, PATRICIO followed through on his threats and drafted a false RVR falsely accusing MARTINEZ of "Failure to meet program/work expectations," a violation of 15 CCR § 3001 (Log Number 7270434). (Exh. A1-A2.) PATRICIO falsely accused MARTINEZ of being absent 8 days ("Unexcused Absence") when in fact medical personnel prescribed "Lay-Ins" due to medical issues.

_____

2/ MARTINEZ was designated as "Triple-C MS" (CCCMS) (Correctional
    Clinical Case Management Services - Outpatient Status) as a
    direct result of actions by the Named-Defendants.

22. On March 15, 2023, MARTINEZ filed a 602-1 accusing the Named-Defendants of, but not limited to: (1) Bane Act violation; (2) deliberate reprisals for taking part in protected conduct; (3) threats and intimidation; (4) providing false statements in an investigation and/or falsifying official records; (5) use of vulgar and disrespectful language; (6) conspiracy to violate civil rights; (7) creating and maintaining an unsafe toxic work environment; and, (8) using inappropriate language involving sexual content when speaking to prisoner workers that includes sex-play. (Exh. B1-B5.)

23. On March 17, 2023, the Office of Grievances (OOG) notified MARTINEZ his 602-1 (¶22) had been received and assigned a Log Number (376742). (Exh. B6-B7.)

24. On April 25, 2023, The OOG issued a decision Granting MARTINEZ'S claims as to Claim #1. As to all other claims, the OOG declared they have no jurisdiction over the subject-matters. (Exh. B9-B10.)

25. On May 7, 2023, MARTINEZ filed his 602-2 to the Office of Grievances (OOA) (final administrative level) alleging, but not limited to: (1) PIA Grievance Forms aren't available at the PIA worksite or in the central library; (2) PIA supervisors are under contract with the CDCR/CTF and are acting under color of law; (3) prison officials at CTF were placed on notice with respect to the issues raised in the 602-1; (4) the OOG does in fact retain jurisdiction over the subject-matter; and, (5) he hasn't been monetarily compensated for the injuries sustained. (Exh. B11.)

26. On May 16, 2023, the OOA notified MARTINEZ that they were in receipt of his 602-2 and that an official response will be provided no later than July 16, 2023. However, the allotted 60 days for which prison officials are to provide prisoners formal responses to their grievances had elapsed with no formal response. (Exh. B12.)

27. On July 13, 2023, MARTINEZ filed a Government Claim with the Office of the Risk and Insurance Management alleging the claims raised herein including, but not limited to: (1) retaliation; (2) work place discrimination; (3) toxic work place environment; (4) racial discrimination; (5) intentional infliction of emotional distress; (6) and Bane Act violation (Civil Code §52.1). (Exh. C1-C2.)

28. The actions and/or omissions by each of the Named-Defendants were and continue to be widespread, pervasive, commonplace, encouraged, willful, wanton, reckless, deliberate, malicious, sadistic, retaliatory, conspiratorial and a complete disregard for the rights of MARTINEZ.

V.

CAUSES OF ACTION

1.  Defendants PATRICIO, PARA, BIERMAN and DE LA TORRE Knowingly and Intentionally Retaliated Against MARTINEZ, Acquiesced Retaliatory Actions Against MARTINEZ, and/or Disregarded Substantial Risks to MARTINEZ Because He Took Part in Protected Conduct - i.e. He Verbally Expressed His Intention to File An Administrative Grievance.

29. MARTINEZ incorporates all statements, allegations and claims made in paragraphs 1 through 28 above as though they were stated, alleged and claimed fully here in this section.

30. PATRICIO personally informed MARTINEZ that "We can write too!" - meaning they (the Named-Defendants) will draft a false RVR in response to his 602 accusing him of sexual harassment and maintaining a toxic workplace.

31. DE LA TORRE informed MARTINEZ that he had "made the situation worse" by saying he intended on filing a 602 (¶16).

32. PARTICIO, PARA and BIERMAN cornered MARTINEZ in an office and threatened to place false information in his prison file that will adversely impact his chances for parole when they learned MARTINEZ intended on filing a

602 (¶17). DE LA TORRE knowingly signed off on an RVR he knew to be false.

33. PATRICIO followed through on his threats and filed a false RVR alleging that MARTINEZ had taken unexcused days off and that he failed to meet work and program expectations - when MARTINEZ had excused Medical Lay-Ins prescribed by licensed medical personnel (¶21).

2. Defendants PATRICIO, PARA, and BEIRMAN Knowingly and Intentionally Retaliated Against MARTINEZ, Acquiesced Retaliatory Actions Against MARTINEZ, Acted In Concert With One Another, Subjected MATRTINEZ to Emotional Distress, and/or Disregarded Substantial Risks to MARTINEZ In Accordance With California's Slave-Law (Art. 1, §6).

34. MARTINEZ incorporates all statements, allegations and claims made in paragraphs 1 through 33 above as though they were stated, alleged and claimed fully here in this section.

35. The aforementioned actions and omissions - including the sexual harassment by PATRICIO correlates directly with PATRICIO, PARA and BIERMAN'S expressed belief that MARTINEZ - and other prisoners assigned to PIA - may be treated in the way described herein because prisoners, including MARTINEZ, are "slaves" under Art. 1, section 6 of the California Constitution (¶¶ 9, 12, 14-15, 17).

3. Defendants PATRICIO, PARA and BIERMAN Knowingly and Intentionally Disregarded Substantial Risks to MARTINEZ'S Physical and Mental Wellness In Contravention of the Eighth Amendment.

36. MARTINEZ incorporates all statements, allegations and claims made in paragraphs 1 through 35 above as though they were stated, alleged and claimed fully here in this section.

37. The Named-Defendants intended to cause MARTINEZ emotional distress by committing aforesaid acts or omissions including the gratuitous threats, sexual harassment, toxic and unsafe workplace which directly caused him to have a severe panic attack that required hospitalization, treatment and psychiatric

assessments (injury-in-fact).

4.  Defendants PATRICIO, PARA, BIERMAN and DE LA TORRE
    Knowingly and Intentionally Acted In Concert and Conspired
    To Violate MARTINEZ'S Federal Constitutional Rights,
    Enabled For Federal Enforcement Via 42 U.S.C. § 1985.

38. MARTINEZ incorporates all statements, allegations and claims made in paragraphs 1 through 37 above as though they were stated, alleged and claimed fully here in this section.

39. MARTINEZ had a federally-protected First and Eighth Amendment right to be protected from conspiracies to violate his Constitutional rights, including his right to be free from wanton and unnecessary infliction of serious physical and mental injuries, and his right to petition the government for redress of grievances.

40. The Named-Defendants acted under color of law in that the Named-Defendants are state employees, operate the state prisons, and carry out the acts, omissions, policies and practices described herein as California state agents.

41. In carrying out the acts and omissions described herein, the Named-Defendants acted in concert and conspired to violated MARTINEZ'S rights.

5.  Defendants PATRICIO, PARA BIERMAN and DE LA TORRE
    Knowingly and Intentionally Acted In Concert and Conspired
    To Violate MARTINEZ'S Rights In Violation of the Bane Act
    (Civil Code, §52.1 et seq.).

42. MARTINEZ incorporates all statements, allegations and claims made in paragraphs 1 through 41 above as though they were stated, alleged and claimed fully here in this section.

43. The Named-Defendants utilized provocative threats, filed a false RVR, sexually harassed, and engaged in other acts of intimidation in effort to deprive MARTINEZ of his rights.

6.  <u>Intentional Infliction of Emotional Distress By Each of</u>
<u>The Named-Defendants.</u>

44. MARTINEZ incorporates all statements, allegations and claims made in paragraphs 1 through 43 above as though they were stated, alleged and claimed fully here in this section.

45. Each of the Named-Defendants intended to cause MARTINEZ distress during the process by, but not limited to, sexual harassment, gratuitous threats, and the filing of a false RVR which will adversely impact his chances for parole. The Named-Defendants' conduct described herein was a substantial cause of this distress.

### DECLARATORY RELIEF ALLEGATIONS

46. Plaintiff incorporates paragraphs 1 through 45 as though they were fully stated herein.

47. A present and actual controversy exist between Plaintiff and the herein named-Defendants concerning their rights and respective duties. Plaintiff alleges that the named-Defendants had violated his First and Eighth Amendment rights. Plaintiff is informed and believes, and thereon alleges, that the named-Defendants deny these allegations. Declaratory relief is therefore necessary and appropriate.

### INJUNCTIVE RELIEF ALLEGATIONS

48. Plaintiff incorporates paragraphs 1 through 47 as though they were fully stated herein.

49. No plain adequate or complete remedy at law is available to Plaintiff to redress the wrongs alleged herein. If the Court does not grant the injunctive relief sought, Plaintiff will be irreparably harmed.

### PRAYER FOR RELIEF

1. For an order enjoining the named-Defendants from engaging in the unlawful conduct alleged in the Complaint.

2. For an order granting other injunctive relief as may be appropriate.

3. For an order granting declaratory relief as may be appropriate.

4. Compensatory damages in the amount of one-hundred thousand dollars ($100,000.00) from each Defendant to Plaintiff for the physical injuries and suffering sustained.

5. Exemplary damages in the amount of one-hundred thousand dollars ($100,000.00) from each Defendant to Plaintiff as an enhancement of compensatory damages because of the maliciousness, wanton, reckless, and oppressive character of the acts described herein, and to punish and deter other state employees acting under color of law from committing these or similar acts.

6. Mental Anguish damages in the amount of one-hundred thousand dollars ($100,000.00) from each Defendant to Plaintiff for mental suffering resulting from excruciating pain.

7. Nominal damages in the amount of one-hundred thousand dollars ($100,000.00) from each Defendant to Plaintiff which he is entitled to because the law may infer the damages from the breach of an agreement or the invasion of a Constitutional Right in light of the facts described herein.

8. Punitive damages in the amount of one-hundred thousand dollars ($100,000.00) from each Defendant to Plaintiff as an enhancement of compensatory damages because of the maliciousness, wanton, reckless, and oppressive character of the acts described herein, and to punish and deter other state employees acting under color of law from committing these or similar acts.

9. Appointment of Counsel as Plaintiff is a lay-person and unskilled at law and compelled to seek the assistance from a fellow prisoner (                    who is also a lay-person and unskilled at law), in drafting and presenting this Complaint in this Court.

10. Economic and non-economic damages.

11. Medical and related expenses, according to proof.

12. Lost earnings, past and future.

13. Costs of suits incurred herein.

14. Interest, as allowed by law.

15. Attorney's fees and costs.

16. An order directing the U.S. Marshal to serve the named-Defendants including waiver of any and all processing/service fees.

17. Other such and further relief as the Court may deem proper.

VERIFICATION (VERIFIED COMPLAINT)

Being competent to make this declaration and having personal knowledge of the statements and allegations made in this lawsuit, I, Paul Martinez, declare under penalty of perjury pursuant to 28 U.S.C. §1746 that all statements and allegations made herein are true and correct to the best of my knowledge, information and belief.

Executed this 9th day of Nov. , 23 at Soledad, California.

Signature: _____



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

GW-336 1/n

# RULES VIOLATION REPORT

| CDC NUMBER AI5950 | INMATE'S NAME MARTINEZ, PAUL J. | MEPD 12/14/2015 | FACILITY CTF-Facility C | HOUSING LOCATION CTF-C - C GW 3 - 336001U |
|---|---|---|---|---|
| VIOLATION DATE 02/09/2023 | VIOLATION TIME 06:30:00 | VIOLATION LOCATION CTF-Facility C - PRISON INDUSTRY AUTHORITY | | WITH STG NEXUS No |

Did the reporting employee ensure the inmate understands (to the best of his/her ability) the consequences of the continued misconduct? N/A

Did the reporting employee take into consideration the severity of the inmate's disability and the need for adaptive support services when determining the method of discipline? N/A

CIRCUMSTANCES OF VIOLATION

Incarcerated Individual Martinez, P AI-5950, Position # PFI.401.069, during the past 8 months, has missed eight (8) days of work. During new employee work orientation he received a packet that includes a Prison Industry Authority Factory Rules and Regulations Agreement that states on line 11 "I will report to my job assignment on time. If I receive a unexcused absence for reporting late to work or if I fail to report to work, I will receive a CDC 128 and/or a CDC 115 and a possible request for un-assignment may be submitted. Any "A" Time (Unexcused Absence) will preclude me from receiving day for day credit on the days in question." That he signed on January 2, 2020.

Prison Industry Authority is requesting for his un-assignment.

June 2, 2022 Unexcused Absence

June 8, 2022 Unexcused Absence

July 12, 2022 Unexcused Absence

November 8, 2022 Unexcused Absence

January 4, 2023 Unexcused Absence

January 5, 2023 Unexcused Absence

February 8, 2023 Unexcused Absence

February 9, 2023 Unexcused Absence

PRNR: 103348

AI

| REPORTING EMPLOYEE<br>J. Patricio | TITLE<br>SGT | ASSIGNMENT | RDO | DATE:<br>02/14/2023 |
|---|---|---|---|---|

RVR LOG NUMBER:  000000007270434              VIOLATED RULE NUMBER:  3001

SPECIFIC ACT:  Failure to meet program/work expectations

CLASSIFICATION

LEVEL:  Counseling Only                                    OFFENSE DIVISION:

REFERRED TO:                                          FELONY PROSECUTION LIKELY:

| REVIEWING SUPERVISOR<br>F. De La Torre | TITLE<br>LIEUTENANT | DATE<br>02/14/2023 |
|---|---|---|

CDCR SOMS ISST120 - RULES VIOLATION REPORT



STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| **STAFF USE ONLY** | Grievance #: 376742 | Date Received: CTF RECEIVED |
|---|---|---|
| | Date Due: | |
| | Categories: | MAR 17 2022 |

OFFICE OF GRIEVANCE

*This is the process to ask for help with a complaint.*

Claimant Name: __Paul Martinez_____    CDCR #: __AI5950___    Current Housing/Parole Unit: __GW-336__

Institution/Facility/Parole Region: __CTF Central / P.O. Box 689 / Soledad, CA 93960-0689__

In order for the Department to understand your complaint, make sure you have answered the following questions:

- *What is the nature of your complaint?*
- *When and where did the complaint occur?*
- *Who was involved?*
- *Which specific people can support your complaint?*
- *Did you try to informally resolve the complaint?*
- *What rule or policy are you relying on to make your complaint?*
- *Are there documents that would be helpful to support your position? List the documents if you do not have them. Please note that documents submitted with this form will not be returned.*
- *What specific action would resolve your complaint?*

COMPLAINT: Staff complaint pursuant to Senate Bill 2, Senate Bill 16 and cohorts (i.e. Assembly Bills 1455, 950, 750, 490, 26); Penal Code §§ 2650-2652, 833.7(a)-(i), 832.5, 148.6; 15 CCR §§ 3487, 3486, 3485, 3484, 3483, 3482, 3481, 3480 et seq., 3417 et seq., 3392 et seq., 3391 et seq.; and Gov. Code §19572 et seq. Re: State Employees Mirna Beirman (PIA Textile), Jesus Para (PIA Textile), J. Patricio (PIA Textile).

WHEN AND WHERE: On 2/7/23     , at approx.        (location listed above), 2/9/23 (issuance of false RVR).

PARTIES: Parties listed, named or described herein including unknown agents (John Does).

PEOPLE IN SUPPORT/WITNESSES: Parties named or referred to herein, discovery/responses to propounded discovery requests, deposition responses, information provided by counsel. Multiple victimized PIA textile workers.

INFORMAL LEVEL: Unattainable as actions and/or omissions giving rise to the underlying causes of action have commenced.

LAWS, POLICIES AND REGULATIONS: Inclusively, Civil Code §52.1 (Bane Act); Rhodes v. Robinson, 403 F.3d 599 (9th Cir. 2005) Schroeder v. McDonald, 55 F.3d 454 (9th Cir. 1995); Mt. Healthy, 429 U.S. 274 (1977); Vignolo v. Miller, 120 F.3d 1075 (9th Cir. 1997); Shepard v. Quillen, 840 F.3d 686 (9th Cir. 2016); Brodheim v. Cry, 584 F.3d 1262 (2009).

SUPPORTING DOCUMENTATION: Full discovery has not been obtained. I reserved the right to present additional discovery as it becomes available.

ACTION REQUESTED: Monetary compensation for IIED and all other injuries directly or indirectly caused by the events set forth herein. In addition, this matter may be resolved in its entirety if the RVR/Counseling Chrono is removed from my prison file and I remain far away from the textile department.

DISTRIBUTION        Original: Offender's File        Copies: DAI, DAPO, and offender

B1

STATE OF CALIFORNIA
**GRIEVANCE**
CDCR 602-1 (03/20)

**FACTUAL ALLEGATIONS AND CLAIMS:** Bane Act violation (Civil Code §52.1) (Claim #1); deliberate reprisals for taking part in protected conduct (Claim #2); creating and maintaining an unsafe toxic work environment (Claim #3); threats and intimidation (Claim #4); providing false statements in an investigation and/or falsifying official records (Claim #5); use of vulgar and disrespectful language (Claim #6); and, conspiracy to violate civil rights (Claim #7). Each of the named prison employees personally took part and acted in concert in: (a) cursing and disrespecting the inmate workers including me, (b) using inappropriate language involving sexual content when speaking to inmate workers ("sex-play"), (c) threatening inmate workers with disciplinary write-ups if they request a job assignment change including me, (d) falsified an RVR when I requested a job assignment change, (e) and attempted to force me to sign liability papers during a medical emergency. The workers will attest to the fact that the aforementioned prison employees created such a toxic and unsafe work environment, most if not all the workers in the textile department desire a job assignment change because the situation currently is unbearable. On February 7, 2023, J. Patricio began one of his sex-games where he would aggressively stare at me for long periods of time. Only this day I became so shaken and disturbed at his staring and grimacing I had a panic attack. I felt as though I was having a heart attack. Medical was called and I was taken to the urgent care room. While I was being treated for my condition (hooked up to the EKG machine and IV), Parra approached me and demanded I sign some papers. He stated, "You need to sign these fucking papers or you're gonna get a write-up!" My heart rate began to increase significantly and I told him to leave me alone. The nurse gave me two doses of "nitric." The doctor diagnosed me with having an anxiety attack due to on-the-job stressors. This diagnoses was confirmed by the psychiatrist who instructed me to get a job change as soon as possible. I complied. I notified the aforementioned state employees that I intended on following medical personnel's recommendations and get a job change. And in response, J. Patricio and F. De La Torre issued me an RVR falsely accusing me of missing eight (8) days of work (6/2/22, 6/8/22, 7/12/22, 11/8/22, 1/4/23, 1/5/23, 2/8/23 and 2/9/23). See attached. This is not correct. I have a Medical Lay-In to justify missing 2/8/23 - 2/9/23. These two "unexcused absences" were added to the write up to give the RVR a false sense of reliability. As to the remaining absences, 15 days had elapsed since January 5th and beyond. In other words, if the named prison employees intended on legitimately implementing progressive discipline, an RVR or counseling chrono should have been submitted in 2022. Nonetheless, the attached Medical Lay-Ins demonstrates that I was medically and psychologically unable to work on the days indicated above. Lastly, 15 CCR §3001 does not define or include "Failure to meet program/work expectations."

B2

Reminder: Please attach all documents in your possession that support your claim(s).
Please note that this form and supporting documents will not be returned to you.

Claimant Signature _____    Date Signed: 3·15·23

DISTRIBUTION    Original: Offender's File    Copies: DAI, DAPC, and Offender

Lay-In
02/07/23 19:49 PST Performed by Brook Bogle, Registered Nurse
Entered on 02/07/23 19:51 PST

**Patient Encounter Information**

ENCTR Information: Encounter Info: Patient Name: PAUL MARTINEZ,DOB: 01/19/1977,,FIN:
10000001411075600AI5950,Facility: CTF,Encounter Type: Institutional Encounter
**Lay-In**
Injured at Work: Unsure
Work Status: No work
Restricted Work Start Date: 02/08/23
Restricted Work Stop Date: 02/10/23
Return to Work Start Date: 02/13/23
Work Status Comment: ER visit for chest pain and sob after a stressful situation at work.Will do a MH
referral and PCP visit.

CTF(Location:CTF C GW 3 ; 336 ; 336001U)
Patient Name: MARTINEZ, PAUL JAVIER          DOB / AGE / SEX: 01/19/77  46 Years Male
Admitting Physician:
Admission Date / MRN / Financial Num: 12/12/18  AI5950  10000001411075600AI5

0
0

Page 1 of 1
Print Date: 02/07/23
Print Time: 19:52 PST
Printed by:Brook Bogle,
                Registered Nurse

Lay-In
**02/12/23 13:01 PST Performed by Roennmann, Nicole RN**
Entered on 02/12/23 13:03 PST

**Patient Encounter Information**

ENCTR Information: Encounter Info: Patient Name: PAUL MARTINEZ,DOB: 01/19/1977,,FIN:
10000001411075600AI5950,Facility: CTF,Encounter Type: Institutional Encounter

**Lay-In**
**Injured at Work:** No
**Work Location:** Textiles and PIA
**Work Status:** No work
**Restricted Work Start Date:** 02/12/23
**Restricted Work Stop Date:** 02/14/23
**Return to Work Start Date:** 02/15/23
**Further Follow-Up Needed:** As needed

**CTF** (Location:CTF C GW 3 ; 336 ; 336001U)
Patient Name: MARTINEZ, PAUL JAVIER          DOB / AGE / SEX: 01/19/77  46 Years Male
Admitting Physician:
Admission Date / MRN / Financial Num: 12/12/18  AI5950  10000001411075600AI5

Page 1 of 1
Print Date: 02/12/23
Print Time: 13:04 PST
Printed by:Roennmann, Nicole RN

0
0

Lay-In - Text                                      MARTINEZ, PAUL JAVIER - AI5950

Lay-In Entered On:  2/15/2023 9:45 PST
Performed On:  2/15/2023 9:44 PST by Cerda, Guillermo RN

Patient Encounter Information
*ENCTR Information :*  Encounter Info: Patient Name: PAUL MARTINEZ,DOB: 01/19/1977,,FIN: 10000001411075600AI5950,Facility: CTF,Encounter Type: Institutional Encounter

**Lay-In**                                         Cerda, Guillermo RN - 2/15/2023 9:44 PST
*Restricted Work Start Date :*  2/15/2023 PST
*Restricted Work Stop Date :*  2/18/2023 PST
*Return to Work Start Date :*  2/19/2023 PST

                                                   Cerda, Guillermo RN - 2/15/2023 9:44 PST

**Completed Action List:**
* Perform by Cerda, Guillermo RN on February 15, 2023 09:44 PST
* Sign by Cerda, Guillermo RN on February 15, 2023 09:44 PST
* VERIFY by Cerda, Guillermo RN on February 15, 2023 09:44 PST

Result type:        Lay-In - Text
Result date:        February 15, 2023 09:44 PST
Result status:      Auth (Verified)
Result title:       Lay-In
Performed by:       Cerda, Guillermo RN on February 15, 2023 09:44 PST
Verified by:        Cerda, Guillermo RN on February 15, 2023 09:44 PST

Printed by:    Cerda, Guillermo RN                    Page 1  of 1
Printed on:    2/15/2023 9:45 PST



CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

**Offender Name:** MARTINEZ, PAUL J.                     **CDC#:** AI5950

**Date:** 03/17/2023

**Current Location:** CTF-Facility C                     **Current Area/Bed:** C GW 3336001U

**From:** Office of Grievances at Correctional Training Facility

**Re:** Log # 000000376742

The California Department of Corrections and Rehabilitation Office of Grievances at Correctional Training Facility received your grievance on 03/17/2023. Your grievance has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Grievances will complete its review no later than 05/17/2023.

Please be informed that the Office of Grievances will not respond to any inquiries about the status of a grievance prior to the date shown above.

CDCR SOMS OGTT300
CLAIMANT GRIEVANCE RECEIPT ACKNOWLEDGMENT

86

CDCR SOMS OGTT300 - OOG Offender Grievance Receipt Acknowledgement



State of California
Department of Corrections and Rehabilitation

Date: 03/28/2023
Inmate Name: MARTINEZ, P.
CDCR Number: AI5950

**Subject: Grievance Acknowledgment and Acceptance**

Your grievance was received on 03/28/2023 and has been assigned number CTF-23-4-G.

| | Please review all responses marked below. |
|---|---|
| ☒ | Your grievance has been accepted. |
| ☐ | A majority of the facts and circumstances that gave rise to your claim occurred at a different CALPIA enterprise, operation, location, or factory, then indicted on your grievance. As a result, your claim has been reassigned to the applicable Grievance Coordinator. No further action is required on your part. |

CALPIA will thoroughly investigate your claim(s), and you will receive a written response no later than sixty (60) calendar days from the date your grievance was received as noted above. CALPIA will not respond to any inquiries about the status of any claims prior to the expiration of the sixty (60) days.

Regards,


Dan Deditius
Prison Industries Administrator
Grievance Coordinator

Comments: _____

_____

_____

_____

cc:    CALPIA Grievance File
        CDCR Central File

B7

California Prison Industry Authority ▲ 560 East Natoma Street ▲ Folsom, CA  95630-2200 ▲ www.calpia.ca.gov

INMATE ASSIGNMENT CARD     EFFECTIVE DATE:   02/18/2023

CDC#:  AI5950          NAME:   MARTINEZ, PAUL

FACILITY:   CTF-C        HOUSING:  C GW 3 - 336001U

LOCATION:  021 - CENTRAL ED RM 124

POSITION:  CLK.021.001    CLERK ROOM 124

| DAYS OF WEEK | START TIME | END TIME |
|---|---|---|
| Monday through Friday | 08:00 | 11:30 |
| Monday through Friday | 12:30 | 15:30 |

INMATE ASSIGNMENT CARD     EFFECTIVE DATE:   01/01/2020

CDC#:  AI5950          NAME:   MARTINEZ, PAUL

FACILITY:   CTF-C        HOUSING:  C EW 2 - 205001U

LOCATION:  401 - PIA Textiles East Dorm

POS    ON:  PFI.401.069    TEXTILE SEWING MACHINE OPER

| DAYS OF WEEK | START TIME | END TIME |
|---|---|---|
| Mon, Tues, Wed, Thurs | 06:30 | 11:30 |
| Mon, Tues, Wed, Thurs | 12:00 | 16:00 |





CALIFORNIA DEPARTMENT *of*
Corrections and Rehabilitation

# OFFICE OF GRIEVANCES DECISION

**Offender Name:** MARTINEZ, PAUL JAVIER
**CDC#:** AI5950
**Current Location:** CTF-Facility C

**Date:** 04/25/2023

**Current Area/Bed:** C GW 3 - 336001U

**Log #:** 000000376742

## Claim #: 001

**Received at Institution/Parole Region:** Correctional Training Facility
**Submitted to Facility/Parole District:** Correctional Training Facility
**Housing Area/Parole Unit:**
**Category:** Offender Discipline                **Sub-Category:** Administrative Rules Violation Report

### I. CLAIM

The Claimant contends the circumstances of violation documented in Rules Violation Report #7270434 are inaccurate as he is charged with Failure to meet program/work expectations due to multiple instances of Unexcused Absence. Claimant contends he was issued multiple healthcare "Lay-Ins" which excused him from his assignment over multiple days.

### II. RULES AND REFERENCES

#### A. CONTROLLING AUTHORITY

CCR, Title 15 Section 3084 Appeals
CCR, Title 15 Section 3314 Administrative Rule Violations

#### B. DOCUMENTS CONSIDERED

Rules Violation Report Log #7270434 (reduced to Counseling Chrono)
California Code of Regulations, Title 15
Grievance Log #376742 and included documents

### III. REASONING AND DECISION

1. The dates referred to in the Circumstances of Violation (2/8/23, 2/9/23) are prescribed Lay-In days as documented in the Chrono dated 2/7/23, authored by Registered Nurse B. Bogle.
2. The remaining previous dates referred to in the Circumstances of Violation (6/2/22, 6/8/22, 7/12/22, 11/8/22, 1/4/23, 1/5/23) although depict a pattern of behavior, are on their own outside the required 30 days reporting period required to be documented in the RVR dated 2/14/23.
In reviewing the above, all related documents, and pertinent information regarding the Rules Violation Report / Counseling Chrono, and this Grievance, this reviewer was able to determine the Counseling Chrono dated 2/14/23 authored by J. Patricio is in error.
Based on the above, this portion of the Grievance is APPROVED.

### IV. REMEDY

In the interest of justice the Counseling Chrono should be removed.

### V. Comments

**Decision: Granted**

After a thorough review of all the documents and evidence presented to the Office of Grievances, it is the order of the Office of Grievances to GRANT this claim.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

If more than 30 calendar days have passed since this decision was sent to you and the remedy, if any, has not yet been implemented, you may file a CDCR Form 602-3, Request to Implement Administrative Remedy. You must wait until after 30 calendar days have passed to submit this request.

| Staff Signature | Title | Date/Time |
|---|---|---|
| R. Hernandez [HERA020] | Reviewing Authority | 04/24/2023 |

**Claim #: 002**

**Received at Institution/Parole Region:**   Correctional Training Facility
**Submitted to Facility/Parole District:**   Correctional Training Facility
**Housing Area/Parole Unit:**
**Category:**   General Employee Performance          **Sub-Category:**   Other Staff Misconduct - NOS

The California Department of Corrections and Rehabilitation received your grievance on 03/17/2023 which you submitted on 03/17/2023. This claim does not involve a complaint against the Department or departmental staff so it is outside of the jurisdiction of the Department.

Instead, you must file a separate complaint with the appropriate entity or official that is the subject of your complaint.

If you are dissatisfied with this response you may appeal this decision by mailing the CDCR Form 602-2 included in this response to the California Department of Corrections and Rehabilitation, Office of Appeals. Do not resubmit this claim to the Office of Grievances.

PIA No Jurisdiction

**Decision: No Jurisdiction**



STATE OF CALIFORNIA
**APPEAL OF GRIEVANCE**
CDCR 602-2 (Rev. 01/22)

DEPARTMENT OF CORRECTIONS AND REHABILITATION

Page 1 of 2

| STAFF USE ONLY | OGT Log No: 000000376742 | Date Received: |
| | Decision Due Date: | |
| | Categories: | |

**Claimant Name:** MARTINEZ, PAUL JAVIER                **CDCR #:** AI5950

**Institution/Parole Region:** CTF / P.O. Box 689 / Soledad, CA 93960   **Current Housing/Parole Unit:** G-Wing 336

### STAFF USE ONLY

_Use this form to appeal a decision or a remedy by the Office of Grievances._

Do not include new complaints on this form, they must first be filed with the Office of Grievances on a Form 602-1.

**OGT Log No:** 000000376742         **Claim No:** 002

Explain the reason for your appeal. Be as specific as you can.

_I am dissatisfied with the response I was given because_ I incorporate all claims, statements, allegations and requests made in Grievance Number 376742 as though they were claimed, stated, alleged and requested here in this section. I appeal the Office of Grievances Decision (OOGD) pursuant to 15 CCR §§ 3485 & 3487 et seq. because but not limited to: (1) PIA Grievance Forms aren't available at the PIA workstations or in the central library; (2) PIA supervisors are under contract with the CDCR/CTF, thus, are acting under color of state law; (3) prison officials at CTF were indeed placed on notice with respect to the issues raised in the instant grievance; (4) the OOG does in fact retain jurisdiction over this matter; and, (5) I haven't been monetarily compensated.

> **This form shall be submitted by mail to:**
> Office of Appeals
> Department of Corrections and Rehabilitation
> P.O. Box 942883
> Sacramento, CA 95811

**IMPORTANT:**
The Office of Appeals will consider all of the supporting documentation you previously submitted to the Office of Grievances when reviewing your appeal, but will <u>not</u> consider any new documentation. Therefore, it is recommended you not attach any documentation to this form. **Furthermore, any documentation you attach to this form will not be returned to you.**

**Claimant Signature:** _[signature]_         **Date Signed:** May 7th 2023

_ADA Accessible_

B11



CALIFORNIA DEPARTMENT of
Corrections and Rehabilitation

# OOA ACKNOWLEDGMENT RECEIPT

**Offender Name:** MARTINEZ, PAUL J.

**CDC#:** AI5950

**Current Location:** CTF-Facility C

**Date:** 05/16/2023

**Current Area/Bed:** C GW 3336001U

**From:** Office of Appeals

**Re:** Log # 000000376742

The California Department of Corrections and Rehabilitation, Office of Appeals received your appeal on 05/16/2023. Your appeal has been assigned for review and response.

Pursuant to California Code of Regulations, title 15, the Office of Appeals will complete its review no later than 07/16/2023.

Please be informed that the Office of Appeals will not respond to any inquiries about the status of an appeal prior to the date shown above.

CDCR SOMS OGTT305
OOA ACKNOWLEDGMENT RECEIPT

B12

CDCR SOMS OGTT305 - OOA ACKNOWLEDGMENT RECEIPT

STATE OF CALIFORNIA                                                    DEPARTMENT OF GENERAL SERVICES
**GOVERNMENT CLAIM**                                                   OFFICE OF RISK AND INSURANCE MANAGEMENT
DGS ORIM 006 (Rev. 08/19)

## CLAIMANT INFORMATION

| LAST NAME | FIRST NAME | MIDDLE INITIAL |
|---|---|---|
| Martinez | Paul | |

| INMATE OR PATIENT IDENTIFICATION NUMBER (if applicable) | BUSINESS NAME(if applicable) | |
|---|---|---|
| AT5950 | | |

| TELEPHONE NUMBER | EMAIL ADDRESS | | |
|---|---|---|---|

| MAILING ADDRESS    Correctional Training Facility | CITY | STATE | ZIP |
|---|---|---|---|
| P.O. Box 689 | Soledad | CA | 93960-0639 |

| IS THE CLAIMANT UNDER 18 YEARS OF AGE? | INSURED NAME(Insurance Company Subrogation) |
|---|---|
| ☐ Yes    ☒ No | Not Applicable |

| IS THIS AN AMENDMENT TO A PREVIOUSLY EXISTING CLAIM? | EXISTING CLAIM NUMBER (if applicable) | EXISTING CLAIMANT NAME(if applicable) |
|---|---|---|
| ☐ Yes    ☒ No | | |

## ATTORNEY OR REPRESENTATIVE INFORMATION

| LAST NAME | FIRST NAME | MIDDLEINITIAL |
|---|---|---|
| In Propria Persona | | |

| TELEPHONE NUMBER | EMAIL ADDRESS | | |
|---|---|---|---|

| MAILING ADDRESS | CITY | STATE | ZIP |
|---|---|---|---|

## CLAIM INFORMATION

| STATE AGENCIES OR EMPLOYEES AGAINST WHOM THE CLAIM IS FILED  State Actors Acting Under Color Of State Law, to wit, CDCR, CDCR Sec., CTF, CTF Warden, and Unknown State Agents (Roes 1-50). | DATE OF INCIDENT 2/7/23 |
|---|---|

LATE CLAIM EXPLANATION (Required, if incident was more than six months ago)

Not Applicable

| DOLLAR AMOUNT OF CLAIM | CIVIL CASE TYPE(Required, if amount is more than $10,000) |
|---|---|
| Commensurate With All Injuries Including IIED | ☐ Limited ($25,000 or less)  ☒ Non-Limited (over $25,000) |

DOLLAR AMOUNT EXPLANATION  Retaliation For Taking Part In Protected Conduct (California Constitution); Work Place Discrimination; Toxic Workplace Environment; Wrongful Termination; Racial Discrimination; Lost Wages; Intentional Infliction of Emotional Distress (IIED); and Bane Act Violation (Civil Code §52.1).

INCIDENT LOCATION
CTF/CALPIA / P.O. Box / Soledad, CA 93960-0689 / Monterey County

SPECIFIC DAMAGE OR INJURY DESCRIPTION

Please see Administrative Grievance Log #376742 and all supporting documentation attached herewith. All statements, allegations, claims, arguments and requests made therein are incorporated as though they were fully stated, alleged, claimed, argued and requested here.

CIRCUMSTANCES THAT LED TO DAMAGE OR INJURY
Please see Administrative Grievance Log #376742 and all supporting documentation attached herewith. All statements, allegations, claims, argument and requests made therein are incorporated as though they were stated, alleged, claimed, argued and requested here.

EXPLAIN WHY YOU BELIEVE THE STATE IS RESPONSIBLE FOR THE DAMAGE OR INJURY
Please see Administrative Grievance Log #376742 and all supporting documentation attached herewith. All statements, allegations, claims, argument and requests made therein are incorporated as though they were stated, alleged, claimed, argued and requested here.

C1

STATE OF CALIFORNIA
**GOVERNMENT CLAIM**

DEPARTMENT OF GENERAL SERVICES
OFFICE OF RISK AND INSURANCE MANAGEMENT

DGS ORIM 006 (Rev. 08/19)

## AUTOMOBILE CLAIM INFORMATION

| | VEHICLE LICENSE NUMBER (if known) | STATE DRIVER NAME (if known) |
|---|---|---|
| DOES THE CLAIM INVOLVE A STATE VEHICLE?  ☐ Yes  ☒ No | | |
| HAS A CLAIM BEEN FILED WITH YOUR INSURANCE CARRIER?  ☐ Yes  ☒ No | INSURANCE CARRIER NAME | INSURANCE CLAIM NUMBER |
| HAVE YOU RECEIVED AN INSURANCE PAYMENT FOR THIS DAMAGE OR INJURY?  ☐ Yes  ☒ No | AMOUNT RECEIVED (if any) | AMOUNT OF DEDUCTIBLE (if any) |

## NOTICE AND SIGNATURE

I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72).

| SIGNATURE | PRINTED NAME | DATE |
|---|---|---|
| | Paul Martinez | 7/13/23 |

## INSTRUCTIONS

- Include a check or money order for $25, payable to the State of California.
  - $25 filing fee is not required for amendments to existing claims.
- Confirm all sections relating to this claim are complete and the form is signed.
- Attach copies of any documentation that supports your claim. Do not submit originals.

Mail the claim form and all attachments to:
Office of Risk and Insurance Management
Government Claims Program
P.O. Box 989052, MS414
West Sacramento, CA 95798-9052

Claim forms can also be delivered to:
Office of Risk and Insurance Management
Government Claims Program
707 3rd Street, 1st Floor
West Sacramento, CA 95605
1-800-955-0045

### Department of General Services Privacy Notice on Information Collection

This notice is provided pursuant to the Information Practices Act of 1977, California Civil Code Sections 1798.17 & 1798.24 and the Federal Privacy Act (Public Law 93-579).

The Department of General Services (DGS), Office of Risk and Insurance Management (ORIM), is requesting the information specified on this form pursuant to Government Code Section 905.2(c).

The principal purpose for requesting this data is to process claims against the state. The information provided will/may be disclosed to a person, or to another agency where the transfer is necessary for the transferee-agency to perform its constitutional or statutory duties, and the use is compatible with a purpose for which the information was collected and the use or transfer is accounted for in accordance with California Civil Code Section 1798.25.

Individuals should not provide personal information that is not requested.

The submission of all information requested is mandatory unless otherwise noted. If you fail to provide the information requested to DGS, or if the information provided is deemed incomplete or unreadable, this may result in a delay in processing.

**Department Privacy Policy**
The information collected by DGS is subject to the limitations in the Information Practices Act of 1977 and state policy  (see State Administrative Manual 5310-5310.7). For more information on how we care for your personal information, please read the  DGS Privacy Policy.

**Access to Your Information**
ORIM is responsible for maintaining collected records and retaining them for 5 years. You have a right to access records containing personal information maintained by the state entity. To request access, contact

DGS ORIM
Public Records Officer
707 3rd St., West Sacramento, CA 95605
(916) 376-5300