1
2
3
4
5
6                    UNITED STATES DISTRICT COURT

7                    NORTHERN DISTRICT OF CALIFORNIA

8    PAUL MARTINEZ,                      Case No. 23-cv-05797 EJD (PR)

9              Plaintiff,                **ORDER DISMISSING NON-**
                                         **COGNIZABLE CLAIMS; OF**
10        v.                             **SERVICE; DIRECTING DEFENDANTS**
                                         **TO FILE DISPOSITIVE MOTION OR**
11   F. DE LA TORRE, et al.,             **NOTICE REGARDING SUCH**
                                         **MOTION; INSTRUCTIONS TO**
12            Defendants.                **CLERK**

13

14        Plaintiff, a state inmate, filed the instant pro se civil rights action pursuant to 42 U.S.C. §

15   1983 against prison staff at the Correctional Training Facility ("CTF") in Soledad.  Dkt. No. 1.

16   On March 14, 2024, the Court dismissed the complaint with leave to amend, for Plaintiff to

17   attempt to correct the deficiencies of some of the claims.  Dkt. No. 10.  Plaintiff was advised that

18   if he failed to file an amended complaint in the time provided, the deficient claims would be

19   dismissed for failure to state a claim without further notice and this matter would proceed on the

20   cognizable claims.  Id. at 6-7.  The deadline has passed with no response from Plaintiff.

21   Accordingly, this matter shall proceed solely on the Eighth Amendment claim and related state

22   law claims.

23

24                             **DISCUSSION**

25   **A.    Standard of Review**

26        A federal court must conduct a preliminary screening in any case in which a prisoner seeks

27   redress from a governmental entity or officer or employee of a governmental entity.  See 28

28   U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any

United States District Court
Northern District of California

claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.      Plaintiff's Claims**

As discussed in the Court's Order of Dismissal with Leave to Amend, the complaint states a cognizable claim under the Eighth Amendment for verbal and sexual harassment that resulted in an anxiety attack.  Dkt. No. 10 at 4-5, citing Hudson v. Palmer, 468 U.S. 517, 528-30 (1984) (malicious cell searches and calculated harassment unrelated to prison needs may implicate 8th Amendment's protection against cruel and unusual punishment).  The Court will exercise supplemental jurisdiction over the related state law claims for intentional infliction of emotional distress and violation of the Banes Act.  See 28 U.S.C. § 1367(a).

**CONCLUSION**

For the reasons set forth above, the Court orders as follows:

1.      The following claims are **DISMISSED with prejudice** for failure to state a cognizable claim: (1) retaliation, (2) Eighth Amendment claim based on hazardous work conditions involving asbestos and other unsafe conditions; and (3) conspiracy.

The Clerk shall terminate Defendant F. De La Torre as a party to this action because there remain no claims against him.

2.      The following defendant at CTF shall be served:

      a.      **J. Patricio**

      b.      **J. Para**

      c.      **M. Beirman**

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Service on the listed defendant(s) shall proceed under the California Department of

2    Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners

3    in CDCR custody.  In accordance with the program, the clerk is directed to serve on CDCR via

4    email the following documents: the operative complaint and any attachments thereto, (Dkt. No. 1),

5    this order of service, a CDCR Report of E-Service Waiver form and a summons.  The clerk also

6    shall serve a copy of this order on the plaintiff.

7    No later than 40 days after service of this order via email on CDCR, CDCR shall provide

8    the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s)

9    listed in this order will be waiving service of process without the need for service by the United

10    States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be

11    reached.  CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the

12    California Attorney General's Office which, within 21 days, shall file with the court a waiver of

13    service of process for the defendant(s) who are waiving service.

14    Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each

15    defendant who has not waived service according to the CDCR Report of E-Service Waiver a

16    USM-205 Form.  The clerk shall provide to the USMS the completed USM-205 forms and copies

17    of this order, the summons and the operative complaint for service upon each defendant who has

18    not waived service.  The clerk also shall provide to the USMS a copy of the CDCR Report of E-

19    Service Waiver.

20    3.    No later than **ninety-one (91) days** from the date this order is filed, Defendants

21    shall file a motion for summary judgment or other dispositive motion with respect to the claims in

22    the complaint found to be cognizable above.

23    a.    Any motion for summary judgment shall be supported by adequate factual

24    documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil

25    Procedure.  Defendants are advised that summary judgment cannot be granted, nor qualified

26    immunity found, if material facts are in dispute.  If any Defendant is of the opinion that this case

27    cannot be resolved by summary judgment, he shall so inform the Court prior to the date the

28    summary judgment motion is due.

United States District Court
Northern District of California

1       b.    **In the event Defendants file a motion for summary judgment, the Ninth**

2  **Circuit has held that Plaintiff must be concurrently provided the appropriate warnings**

3  **under** <u>Rand v. Rowland</u>**, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See** <u>Woods v. Carey</u>**,**

4  **684 F.3d 934, 940 (9th Cir. 2012).**

5      4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and

6  served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is

7  filed.

8      Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and

9  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986) (holding party opposing summary judgment must

10  come forward with evidence showing triable issues of material fact on every essential element of

11  his claim).  Plaintiff is cautioned that failure to file an opposition to Defendants' motion for

12  summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and

13  granting of judgment against Plaintiff without a trial.  See <u>Ghazali v. Moran</u>, 46 F.3d 52, 53–54

14  (9th Cir. 1995) (per curiam); <u>Brydges v. Lewis</u>, 18 F.3d 651, 653 (9th Cir. 1994).

15      5.    Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after Plaintiff's

16  opposition is filed.

17      6.    The motion shall be deemed submitted as of the date the reply brief is due.  No

18  hearing will be held on the motion unless the Court so orders at a later date.

19      7.    All communications by the Plaintiff with the Court must be served on Defendants,

20  or Defendants' counsel once counsel has been designated, by mailing a true copy of the document

21  to Defendants or Defendants' counsel.

22      8.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

23  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is

24  required before the parties may conduct discovery.

25      9.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

26  informed of any change of address and must comply with the court's orders in a timely fashion.

27  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

28  Federal Rule of Civil Procedure 41(b).

10.    Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

**Dated:**  April 26, 2024

EDWARD J. DAVILA
United States District Judge

United States District Court
Northern District of California

5