UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>F. DE LA TORRE, et al.,<br><br>    Defendants. | Case No. 5:23-cv-05797 EJD (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>(Docket No. 21) |

    Plaintiff, a former state inmate, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against prison staff at the Correctional Training Facility ("CTF"). Dkt. No. 1. This action is proceeding solely on the Eighth Amendment claim for verbal and sexual harassment and related state law claims against Defendants J. Patricio, J. Para, and M. Beirman. Dkt. No. 11.[1]

    Defendants filed a motion to dismiss the Eighth Amendment claim against them under Federal Rule of Civil Procedure 12(b)(6) because the alleged statements do not, as a matter of law, rise to the level of an Eighth Amendment violation, and they are entitled to qualified immunity. Dkt. No. 21. Plaintiff did not file an opposition although he was given an opportunity to do so. Defendants assert that Plaintiff is no longer incarcerated and that their motion should be considered submitted. Dkt. No. 22.

    For the reasons discussed below, Defendants' motion is **GRANTED**.

---

[1] After initial screening, the Court granted Plaintiff leave to amend to attempt to correct deficiencies with respect to several of the other claims in the complaint. Dkt. No. 10. When the deadline to file an amended complaint passed with no response from Plaintiff, the Court dismissed all other claims against other defendants for failure to state a claim and ordered service of the cognizable claims. Dkt. No. 11.

# DISCUSSION

## I. Motion to Dismiss

Failure to state a claim is grounds for dismissal under Rule 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Dismissal for failure to state a claim is a ruling on a question of law. See Parks School of Business, Inc., v. Symington, 51 F.3d 1480, 1483 (9th Cir. 1995).

Review is limited to the contents of the complaint, see Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. See Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001), overruled on other grounds by Galbraith v. Cnty. of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. See id. at 689 (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. See Symington, 51 F.3d at 1484.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do…. Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." Id. at 570. "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

Qualified immunity may be raised in a Rule 12(b)(6) motion and granted where defendants are entitled to the defense based on plaintiff's allegations. Cousins v. Lockyer, 568 F.3d 1063, 1071 (9th Cir. 2009).

### A.    Plaintiff's Allegations

Plaintiff was a state prisoner incarcerated at CTF during the time of the underlying events. Dkt. No. 1 at 7. At some point, Plaintiff requested to be assigned to the California Prison Industry Authority ("CALPIA"), working with textiles. Id. at 9. Defendants Patricio, Para, and Bierman are CALPIA staff and work as CALPIA supervisors. Id. at 8.

Plaintiff claims that during January and February 2023, Defendant Patricio began making sexual comments to him, such as, "Are you going to make love to that honeybun…"; "I think I like you…"; and "I got my eye on you…" Id. at 9. Defendant Patricio "commonly stared" at Plaintiff and other prisoner-workers in a "creepy and lustful fashion." Id. Plaintiff states that he notified Defendants Para and Bierman of Defendant Patricio's "constant inappropriate sexual puns, behavior, and innuendoes," but that these Defendants informed him that if attempted to transfer to another assignment, they would give him a below average job performance rating and that Plaintiff had no rights in CALPIA. Id. at 10.

Plaintiff also claims that on February 6, 2023, workers and Defendants were discussing the California Legislature's California Abolition Act, a proposed constitutional amendment that would have removed language from the California Constitution permitting slavery and involuntary servitude as punishment for crimes. Id. That day, Defendant Patricio told Plaintiff, "You'll be my little sex-slave." Id. Plaintiff began to consider filing a grievance in an attempt to secure a transfer to another assignment. Id.

The next day, Defendants confronted Plaintiff about his intent to file a grievance against them and threatened him with a "false RVR and a false CDCR 101 to adversely impact his chances of being found suitable for parole by the BPH." Id. at 11. Plaintiff claims that he was so emotionally distressed that he had a severe panic attack and had to be taken to the CTF triage for treatment. Id. Defendant Para later came to the medical

3

facility and demanded Plaintiff "sign these f**king papers" or "get a write-up."  Id.  Plaintiff claims his heart rate increased significantly, and Defendant Para was asked to leave by the nurse.  Id.

Plaintiff claims that Defendants' statements caused him mental anguish and violated his Eighth Amendment rights.  Id. at 14-15.  He seeks declaratory and injunctive relief as well as damages.  Id. at 18-19.

### B.     Harassment

Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983.  See Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) overruled in part on other grounds by Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008); Rutledge v. Arizona Bd. of Regents, 660 F.2d 1345, 1353 (9th Cir. 1981), aff'd sub nom. Kush v. Rutledge, 460 U.S. 719 (1983); see, e.g., Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996), amended 135 F.3d 1318 (9th Cir. 1998) (disrespectful and assaultive comments by prison guard not enough to implicate Eighth Amendment); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (directing vulgar language at prisoner does not state constitutional claim); Burton v. Livingston, 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right"); Batton v. North Carolina, 501 F. Supp. 1173, 1180 (E.D.N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983).

Furthermore, the Eighth Amendment is not violated even where the verbal harassment is of a sexual nature.  See Blacher v. Johnson, 517 Fed.Appx 564 (9th Cir. 2013); Austin v. Williams, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (holding that "the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment").  A prisoner may state an Eighth Amendment claim under § 1983 for sexual harassment only if the alleged harassment was sufficiently harmful, that is, a departure from "the evolving standards of decency that mark the progress of a maturing society," and the defendant acted with intent to harm the prisoner.  Thomas v. District of Columbia, 887 F.Supp. 1, 3-4 (D.D.C.1995) (citing Hudson v. McMillian, 503 U.S. 1, 6, 8, 112 S.Ct. 995,

4

117 L.Ed.2d 156 (1992)) (internal quotations and citation omitted). Such harassment must be "gross even for a prison setting and were calculated to and did cause [plaintiff] psychological damage." Keenan, 83 F.3d at 1092.

On the other hand, harassment coupled with conduct implicating the Eighth Amendment's proscription against cruel and unusual punishment may indeed present a claim cognizable under § 1983. See Hudson, 468 U.S. at 528-30 (malicious cell searches and calculated harassment unrelated to prison needs may implicate Eighth Amendment's protection against cruel and unusual punishment).

### 1. Analysis

Defendants assert that Plaintiff's Eighth Amendment claim relies entirely on alleged verbal statements of a sexual nature by Defendant Patricio. Dkt. No. 21. Defendants contend that while the alleged statements are crude, they pale in comparison to alleged statements made by defendants in other cases that were found, as a matter of law, to not violate the Eighth Amendment. Id. Defendants set forth the following cases in support of this argument: Minifield v. Butikofer, 298 F.Supp.2d 900 (N.D. Cal. 2004) (defendant's motion to dismiss granted for conduct that included unzipping clothing and directing plaintiff to grab his penis on two different occasions and another time holding a "candy bar towards his genital area, flipping it up and down"); Brewster v. Mills, No. 20-cv-03254-HSG, 2022 WL 976973 (N.D. Cal. Mar. 31, 2022) (defendant's summary judgment granted based on qualified immunity for conduct that included threats that he would make plaintiff "suck [defendant's] dick until his knees buckled," watching plaintiff shower and making comments about plaintiff's penis); Baker v. Battad, No. 19-cv-1438-AJB, 2020 WL 487411 (S.D. Cal. Jan. 30, 2020), report and recommendation adopted by 2020 WL 3451329 (S.D. Cal. June 24, 2020) (defendant's motion to dismiss granted for conduct that included informing plaintiff that defendant "wanted to suck [plaintiff's] penis" and "let me see your hot dog" while grabbing his own zipper and saying, "I'm going to show you mine"); Horton v. Billingsley, No. 5:18-cv-1951-RGK, 2019 WL 7630863 (C.D. Cal. Dec. 3, 2019), report and recommendation adopted by 2020 WL 362634 (Jan. 20, 2020)

1  (defendant's motion to dismiss granted for conduct that included telling plaintiff she was
2  beautiful, gliding his finger on the back of her neck, asking plaintiff "if he took [plaintiff]
3  home with him, could he get into [her] pants whenever he wants," and telling plaintiff to
4  "stay beautiful" and "keep [her] skin soft"); Reed v. Racklin, No. 2:144-cv-0799-WBS,
5  2019 WL 4745266 (E.D. Cal. Sept. 30, 2019), report and recommendation adopted by WL
6  5566441 (E.D. Cal. Oct. 29, 2019) (defendant's summary judgment granted for conduct
7  that included asking plaintiff, while they were alone, "Do you think you could jack me off
8  in the blink of an eye"); Thompson v. Cagle, No. 1:18-cv-01020-LJO-EPG, 2019 WL
9  4392411 (E.D. Cal. Sept. 13, 2019), report and recommendation adopted by WL 5308994
10 (E.D. Cal. Oct. 21, 2019) (Eighth Amendment claim dismissed at screening for conduct
11 that included subjecting plaintiff to unwanted sexual advances, making "cat calls" to him,
12 making several remarks regarding anal sex, comparing mal anatomy of different
13 ethnicities, and stating, "f**k me running"); and Patrick v. Hernandez, No. 2:17-cv-1206
14 MCE CKD, 2018 WL 5095130 (E.D. Cal. Oct. 17, 2018) (Eighth Amendment claim
15 dismissed at screening for conduct that included pressuring plaintiff to expose his penis,
16 telling him "Patrick suck my dick" and "you want it in the ass," telling other inmates that
17 "Patrick likes to jack people off" and "Patrick likes it in the ass," and placing defendant's
18 hand on his own crotch and saying "lick [his] nuts").

19 Defendants also assert that the Ninth Circuit did not detail what type of verbal
20 harassment could meet the high standard described in Keenan. Dkt. No. 21 at 6, citing
21 Keenan, 83 F.3d 1083; see also Brewster v. Mills, 2022 WL 976973, at *5. Defendants
22 contend that the alleged statements by Defendant Patricio, even if true, fall far below the
23 threshold of an Eighth Amendment violation based on a review of the relevant district
24 court case law above. Id. Defendants assert that because an amendment would be futile,
25 dismissal of this claim with prejudice is warranted. Id. Plaintiff has filed no opposition to
26 refute Defendants' arguments.

27 Taking the allegations in the complaint as true and construing them in the light most
28 favorable to Plaintiff, the Court finds that Plaintiff has failed to show that Defendants'

conduct violated his Eighth Amendment rights. While Defendant Patricio's comments were crude and inappropriate, Plaintiff does not allege that they were unusually gross for a prison setting nor would the Court agree if he did so. Rather, the numerous cases on this issue show that conduct and comments similar to, and far worse than, those made by Defendant Patricio have been found not extreme enough to violate the Eighth Amendment. See supra at 5-6. Nor was the verbal harassment accompanied by other conduct that implicates the Eighth Amendment's proscription against cruel and unusual punishment; rather, the Court found that the complaint failed to state any other cognizable claim. Dkt. No. 10 at 6-7.

Lastly, allegations of mere threats also are not cognizable under § 1983. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result). Accordingly, the threatening statements made by Defendants Para and Bierman, even if true, do not state a cognizable claim. Id.; see also Keenan, 83 F.3d at 1092 ("disrespectful and assaultive comments" made by prison guards did not violate Eighth Amendment).

Based on the foregoing, Defendants' motion to dismiss must be granted.

Because the Court finds no constitutional violation occurred, it is not necessary to reach Defendants' qualified immunity argument. Dkt. No. 21 at 7.

### 2. Leave to Amend

Defendants assert that the dismissal should be without leave to amend because it would be futile. Dkt. No. 21 at 6. Plaintiff has filed no opposition arguing that he could correct the deficiency of his Eighth Amendment by offering facts in good faith that could establish a cognizable claim.

A pro se complaint must be liberally construed and "may be dismissed for failure to state a claim only where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007) (citations and internal quotation marks omitted). Leave need

not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994); Roberts v. Arizona Bd. of Regents, 661 F.2d 796, 798 (9th Cir. 1981).

Here, after careful consideration, it is clear that the complaint cannot be cured by amendment. Plaintiff already stated specific factual allegations of Defendants' statements and conduct which do not rise to the level of an Eighth Amendment violation. Nor has Plaintiff filed an opposition to indicate that he could if given an opportunity to do so. Accordingly, the Eighth Amendment claim against Defendants shall be dismissed without leave to amend.

### D. State Law Claims

The Court has dismissed the Eighth Amendment claim over which it had original jurisdiction, leaving only the state law claims. Therefore, the Court, in its discretion, declines to exercise supplemental jurisdiction over these remaining state law claims. 28 U.S.C. § 1367(c)(3); see Ove v. Gwinn, 264 F.3d 817, 826 (9th Cir. 2001) (court may decline to exercise supplemental jurisdiction over related state-law claims under subsection (c)(3) once it has dismissed all claims over which it has original jurisdiction).

Accordingly, the state law claims for intentional infliction of emotional distress and violation of the Banes Act are dismissed without prejudice to pursuing them in state court.

## CONCLUSION

For the foregoing reasons, Defendants J. Patricio, J. Para, and M. Beirman's motion to dismiss the action is **GRANTED**. Dkt. No. 21. The Eighth Amendment claim against Defendants are **DISMISSED with prejudice** for failure to state a claim under Rule 12(b)(6). The state law claims for intentional infliction of emotional distress and violation of the Banes Act are **DISMISSED without prejudice** to pursuing them in state court.

This order terminates Docket No. 21.

8

**IT IS SO ORDERED.**

Dated: May 7, 2025

EDWARD J. DAVILA
United States District Judge